**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**LATOYA LATRICE HAWKINS**  CIVIL ACTION

**VERSUS**

**D.R. HORTON, INC.-GULF COAST, et al.**  NO. 24-84-SDD-SDJ

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within **14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 29, 2024.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LATOYA LATRICE HAWKINS** | **CIVIL ACTION** |
| **VERSUS** | |
| **D.R. HORTON, INC.-GULF COAST, et al.** | **NO. 24-84-SDD-SDJ** |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on three Motions to Dismiss, one each filed by Defendants Dean Morris, LLC (R. Doc. 6); the Diment Firm, LLC (R. Doc. 9); and Lakeview Loan Servicing, LLC (R. Doc. 19). *Pro se* Plaintiff Latoya Latrice Hawkins has not filed an opposition to any of these Motions, and the deadline for doing so has long passed. As such, the Court considers these Motions unopposed. The Court has carefully considered the law, facts in the record, and arguments and submissions of the parties. For the following reasons, the Court recommends the Motions be **granted** and Plaintiff's claims against these three Defendants be **dismissed**.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

The Court, at the outset, notes that Plaintiff's Complaint provides little to no factual background, which has made it difficult for the Court to ascertain the facts at issue in this case. The Court has, however, discerned that on or about June 12, 2020, Plaintiff entered into a mortgage agreement with Gateway Mortgage Group in the principal amount of $231,626.00 for a residence located in Walker, Louisiana.[1]

---

[1] R. Doc. 1 at 2 ¶¶ 3-4, 5 ¶ 27, 6 ¶ 36.

Plaintiff filed suit in this court on February 2, 2024, asserting a variety of claims against Dean Morris, Diment, Lakeview, and a host of other Defendants.[2] Specifically, Plaintiff's claims are for: (1) lack of standing/wrongful foreclosure; (2) breach of contract/breach of peace and violation of due process; (3) quiet title; (4) temporary restraining order and injunctive relief; and (5) declaratory relief.[3]

As the background facts pertaining to Plaintiff's claim are difficult to discern from her Complaint, the Court turns to Defendants' Motions to Dismiss for additional information. As alleged by Defendants, after Plaintiff entered into the initial mortgage contract with Gateway, her mortgage contract was transferred to Lakeview.[4] Plaintiff subsequently failed to make timely payments, and as a result, Lakeview, through retained counsel Dean Morris, initiated foreclosure proceedings against Plaintiff in the Twenty-First Judicial District Court for the Parish of Livingston, State of Louisiana.[5] This foreclosure suit remains pending.[6] While a Sheriff's sale of the property at issue was scheduled for December 2023 in the state court suit, it was canceled when Plaintiff filed for bankruptcy on December 12, 2023.[7] Shortly after the bankruptcy case was dismissed, on January 24, 2024, Plaintiff filed the instant Complaint.[8]

In response to Plaintiff's Complaint, Dean Morris, Diment, and Lakeview each filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6): Dean Morris on February 26, 2024 (R. Doc. 6); Diment on February 27, 2024 (R. Doc. 9); and Lakeview[9] on March 12, 2024

---

[2] R. Doc. 1.
[3] *Id.* at 6-9.
[4] R. Doc. 6-1 at 2.
[5] *Id.*
[6] *Id.*
[7] *Id.* at 3.
[8] *Id.*
[9] In its Motion, in addition to arguing failure to state a claim pursuant to Rule 12(b)(6), Lakeview also argues (1) that this Court does not have subject matter jurisdiction over this matter pursuant to Rule 12(b)(1) and the *Rooker-Feldman* doctrine; (2) that this Court should abstain in this matter based on the *Younger* Abstention Doctrine; (3) that the Anti-

(R. Doc. 19).[10] Plaintiff has not filed any oppositions or responses to any of the three Motions to Dismiss, and the deadline for doing so has long passed. The Court, therefore, considers them unopposed.

## II. LAW AND ANALYSIS

### A. Applicable Law

#### 1. Rule 12(b)(6) Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant can seek dismissal of a complaint, or any part thereof, for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Shiell v. Jones*, No. 19-848, 2020 WL 2331637, at *10 (E.D. La. May 11, 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Shiell*, 2020 WL 2331637, at * 10 (quoting *Iqbal*, 556 U.S. at 679).

A court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). "Dismissal is appropriate when the

---

Injunction Act, 28 U.S.C. § 2283, prohibits federal courts from enjoining state court proceedings; and (4) that Plaintiff's claims are barred by *res judicata*. R. Doc. 20 at 6-10. However, as this Court finds that Plaintiff fails to state a claim pursuant to Rule 12(b)(6), the Court does not address these additional arguments herein.

[10] On March 11, 2024, the day before Lakeview filed its Motion to Dismiss, Plaintiff filed a Motion for Clerk's Entry of Default against all Defendants. R. Doc. 17. That Motion was denied by an Order dated March 12, 2024, based on Plaintiff's failure to serve the named Defendants. R. Doc. 18.

complaint on its face shows a bar to relief." *Shiell*, 2020 WL 2331637, at * 10 (quoting *Cutrer v. McMillan*, 308 F. App'x. 819, 820 (5th Cir. 2009)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A court does not assume the truth of conclusory statements, but rather looks for facts which support the elements of the pleader's claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

    2.    **Pro Se Litigant**

The Court acknowledges that Plaintiff is proceeding in this litigation *pro se*. *Pro se* pleadings are to be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also S.E.C. v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (recognizing the established rule that this court "must construe [a *pro se* plaintiff's] allegations and briefs more permissively"). Further, a court must liberally construe a *pro se* complaint, taking all well-pleaded allegations as true. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam). Nevertheless, "a *pro se* litigant is not 'exempt ... from compliance with relevant rules of procedural and substantive law.'" *NCO Fin. Systems, Inc. v. Harper–Horsley*, No. 07–4247, 2008 WL 2277843, at *3 (E.D. La. May 29, 2008) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). As such, a *pro se* plaintiff's complaint "must set forth facts giving rise to a claim on which relief may be granted." *Johnson,* 999 F.2d at 100 (citation omitted).

Additionally, "[a] liberal reading of plaintiff's pleadings is the only special treatment afforded *pro se* plaintiffs by the courts." *Kiper v. Ascension Parish Sch. Bd.*, No. 14-313, 2015 WL 2451998, at *1 (M.D. La. May 21, 2015) (citing *Callahan v. C.I.R.*, No. 99-0295, 2000 WL 1141607, at *1 (M.D. La. Apr. 10, 2000)). And "[a] *pro se* litigant is not entitled to greater rights than would be a litigant represented by a lawyer." *NCO Fin. Systems*, 2008 WL 2277843, at *3

(quoting *Birl*, 660 F.2d at 593).

The Court notes here that Plaintiff's Complaint is a form complaint used by many plaintiffs filing this type of lawsuit, which provides scant details on the facts pertaining specifically to her situation and allegations. Plaintiff does not list all Defendants listed in the caption of her Complaint in the section entitled "The Parties." She also almost exclusively alleges actions by the "Defendants" as a whole rather than specifying actions by certain Defendants that could form the basis for any claims against each Defendant. After reviewing Plaintiff's Complaint, the Court remains unsure of how certain named Defendants are connected with this litigation, including Diment. In addition, Plaintiff references "Exhibits A-G" and notes that they can be found in the pending state court case in the 21st JDC.[11] However, Plaintiff does not provide a copy of said exhibits, and as this Court cannot access documents in a state court case, those exhibits cannot be considered by the Court.

### B.   Discussion

The Court finds that Plaintiff has either not pleaded sufficient factual material to support her claims to relief or has failed to provide a legal basis for said claims, and, therefore, Plaintiff's claims cannot survive the instant Motions to Dismiss.

#### 1.   Failure to State a Cognizable Claim

At the outset, the Court notes that Plaintiff's Complaint is based on legal theories that have been resoundingly rejected by federal courts across the country. The basis of Plaintiff's Complaint appears to be the alleged improper securitization of her mortgage. In her Complaint, Plaintiff alleges, *inter alia*, that "[f]rom 1998 until present, over 70 million purported consumer credit mortgage loan transactions were purportedly sold by Non-Depository Payor Banks to Special

---

[11] R. Doc. 1-1 at 1-3.

Purpose Vehicles … [of which] Plaintiff's purported home loan was one of the 60 million scheduled to for exchange."[12] Per Plaintiff, "Defendants participated in [this] transactional scheme" which improperly pooled and/or securitized mortgage notes.[13] Plaintiff asserts that the note related to her mortgage was sold to the "GMA 2020-096 Trust," which Plaintiff claims is sponsored by Bank of America Securities, Inc., with US Bank, NA, serving as the trustee thereof.[14] Plaintiff continues, alleging that there was "no contemporaneous assignment of Plaintiff's Mortgage to the Trust as underlying security for Plaintiff's Note," meaning the two were "irreparably separated."[15] Per Plaintiff, the assignment of her mortgage to the Trust was improper.[16]

Thus, the bases for her claims stem from her contention that her mortgage was improperly securitized and/or pooled, making any subsequent assignment invalid, or that her mortgage and note were split, making the note unenforceable. A multitude of courts, however, have found that neither theory has merit. *See, e.g., Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013) (discussing and rejecting the theory that a mortgage was allegedly "split" from the note through securitization, rendering the note unenforceable); *Marban v. PNC Mortg.*, No. 12-3952, 2013 WL 3356285, at *10 (N.D. Tex. July 3, 2013) (finding meritless the theory that any securitization of the loan rendered the note and accompanying deed of trust unenforceable and discharged a borrower's obligations under them); *Beebe v. Fed. Nat'l Mortg. Ass'n*, No. 13–311, 2013 WL 3109787, at *2 (D. Nev. Jun. 18, 2013) ("[t]he securitization argument has been repeatedly rejected ... because it does not alter or change the legal beneficiary's standing to enforce

---

[12] R. Doc. 1 at 3 ¶ 14.
[13] R. Doc. 1 at 3 ¶ 15.
[14] R. Doc. 1 at 2 ¶¶ 5, 7; 5 ¶ 30.
[15] R. Doc. 1 at 5 ¶¶ 31-32.
[16] R. Doc. 1 at 3-4 ¶¶ 17-18.

the deed of trust"); *Johnson v. Homecomings Fin.*, No. 09-1262, 2011 WL 4373975, at *7 (S.D. Cal. Sep. 20, 2011) (finding plaintiff failed to state a cognizable claim because it "is based on the discredited theory that the deed in question was 'split' from the note through securitization, rendering the note unenforceable"); *Henkels v. J.P. Morgan Chase*, No. 11–299, 2011 WL 2357874, at *7 (D. Ariz. Jun. 14, 2011) (rejecting claim "that securitization has had any impact on [p]laintiff's obligations under the loan" and noting that numerous courts have rejected similar claims); *Upperman v. Deutsche Bank Nat'l Trust Co.*, No. 10-149, 2010 WL 1610414, at *2 (E.D. Va. Apr. 16, 2010) ("The same erroneous legal theory forms the basis for all of Plaintiff's claims: that Defendants have no legal authority or standing under the security instrument to foreclose upon the Property because the alleged securitization of a mortgage loan purportedly renders a Note unenforceable and unsecured. There is no legal authority that the sale or pooling of investment interests in an underlying note can relieve borrowers of their mortgage obligations or extinguish a secured party's rights to foreclose on secured property.").

The Sixth Circuit has noted that district courts "have entertained a spate of civil actions" related to mortgages and securitization of the underlying loans, describing many of these cases as "scattershot affairs, tossing myriad (sometimes contradictory) legal theories at the court to see what sticks." *Thompson v. Bank of Am., N.A.,* 773 F.3d 741, 748 (6th Cir. 2014). Here, even accepting the allegations as true and liberally construing Plaintiff's claims, this Court, as discussed in more detail below, finds that none of the claims "stick." Because all of Plaintiff's claims are based on the flawed allegations of an invalid securitization of the loan and/or the allegedly invalid assignment of the Note or Deed of Trust, or the impermissible splitting of the mortgage and note, the Court finds that Plaintiff has failed to state a viable claim. The Court now turns to Plaintiff's specific causes of action.

### 2.     Lack of Standing/Wrongful Foreclosure

Plaintiff's first cause of action is for lack of standing/wrongful foreclosure.[17] As alleged by Plaintiff, Defendants "have failed to perfect any security interest in the Real Property collateral, or cannot prove to the court they have a valid interest as a real party in interest to the underlying Deed of Trust," meaning "the purported power of sale, or power to foreclose non-judicially, by the above specified Defendants, and each of them, no longer applies."[18]  Thus, per Plaintiff "Defendants … do not have an equitable right to foreclose on the Property."[19]  However, Plaintiff fails to allege that any Defendant has invoked foreclosure proceedings against her property.[20]  At one point she references "the now threatened foreclosure sale"[21] and asks the Court to enjoin Defendants "from prosecuting any continuance of *a* foreclosure sale"[22]—not *the* foreclosure sale—but provides no additional information.[23]  Similarly, in her Prayer for relief, Plaintiff asks the Court to declare "that Defendants lack any interest in the subject property which would permit them to foreclose, evict, or attempt to foreclose or evict, the trust deed and/or to sell the subject properties."[24]  Thus, while referencing foreclosure, Plaintiff does not allege that any Defendant has foreclosed or is foreclosing on her property.  *See Twombly*, 550 U.S. at 555 ("While a

---

[17] R. Doc. 1 at 6-7 ¶¶ 37-50.
[18] R. Doc. 1 at 6 ¶ 38.
[19] *Id.*
[20] *See* R. Doc. 1 at 5-7 ¶¶ 25-50.  The Court acknowledges that Plaintiff alleges: "Defendants, and each of them, through the actions alleged above, claim the right to illegally commence foreclosure sale of Plaintiff's Real Property under the Deed of Trust on the Real Property via an *in-Rem* action supported by false or fraudulent documents.  Said unlawful foreclosure action has caused and continues to cause Plaintiff great and irreparable injury in that Real Property is unique."  R. Doc. 1 at 7 ¶ 48.  But, as stated above, she never alleges that Defendants, or a single Defendant or group of Defendants, has foreclosed on her property.
[21] R. Doc. 1 at 9 ¶ 67.
[22] R. Doc. 1 at 9 ¶ 70 (emphasis added).
[23] The Court does note that, attached to Plaintiff's Complaint, are a letter from Dean Morris to the Livingston Parish Clerk of Court referencing "Lakeview Loan Servicing, LLC VS. Latoya Latrice Hawkins" and mentioning a Petition to enforce Security Interest by Executory Process.  R. Doc. 1-1 at 2.  However, said petition is not included and no other information about the case indicating it is a foreclosure proceeding on the property here in question is provided.
[24] R. Doc. 1 at 10.  While Plaintiff references "properties" here, the Court is aware of only a single property at issue in this litigation.

complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions …") (internal citations and modification omitted); *Howley v. Bankers Standard Ins. Co.*, No. 19-2477, 2021 WL 913290, at *18 (N.D. Tex. Mar. 10, 2021) (recognizing "that it is the sufficiency of the allegations and not the level of proof that is determinative at the pleading stage").

"Although there is no statutory cause of action in Louisiana for wrongful seizure, damages for a wrongful seizure of property have long been available under Louisiana's tort law." *Bombet v. Donovan*, No. 13-118, 2015 WL 65255, at *8 (M.D. La. Jan. 5, 2015) (citing *Mariche v. Wells Fargo Bank, N.A.*, No. 11-1191, 2012 WL 1057626, at *3 (E.D. La. Mar. 28, 2012)). However, "[b]ecause liability is tied to the act of unlawfully seizing another's property, the cause of action arises at the moment of the seizure." *Id.* (citing *Mariche*, 2012 WL 1057626, at *3).

Here, Plaintiff's Complaint only asserts that Defendants have no perfected rights or interests in her property and, while referencing threatened foreclosure, does not allege that any Defendant has taken any action to seize or foreclose on the property. Because Plaintiff has not alleged that any Defendant has begun foreclosure proceedings against her property here at issue, this cause of action for lack of standing/wrongful foreclosure fails to state a claim upon which relief can be granted. The Court, therefore, recommends that this claim be dismissed.

### 3. Breach of Contract/Breach of Peach and Violation of Due Process

Plaintiff next brings a cause of action against Defendants for "breach of contract/breach of peace and violation of due process."[25] "In Louisiana, a breach-of-contract claim has three

---

[25] R. Doc. 1 at 8 ¶¶ 51-56. The Court notes that Plaintiff makes no allegations with regard to a "breach of peace" or "violation of due process" claim. Plaintiff also does not identify the statutory (or other) basis for her alleged claims of breach of peace or violation of due process. As such, the Court does not discuss them further here.

'essential' elements: '(1) the obligor's undertaking an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the obligee.'" *IberiaBank v. Broussard*, 907 F.3d 826, 835 (5th Cir. 2018) (quoting *Favrot v. Favrot*, 68 So.3d 1099, 1108-09 (La.App. 4 Cir. 2011)). In her allegations, Plaintiff states that "Defendant Gateway Mortgage Group failed to satisfy, release and reconvey the security instrument, thus breaching the terms found in paragraph 23 of the Deed of Trust."[26] This allegation appears to be made against Defendant Gateway Mortgage Group only. There are no allegations made against Dean Morris or Lakeview and, similarly, no contracts between Plaintiff and either of these Defendants identified, from which the Court can discern that a viable claim against either of those Defendants has been made for breach of contract.

Plaintiff does, however, make a specific allegation against Diment—the only one against it in the entire Complaint. Per Plaintiff, Diment, a law firm, "violated the Plaintiff's contract by unethical judicial conduct for lack of representation pursuant to the judicial rules of professional conduct and the code of judicial conduct."[27] No additional information is provided, meaning no contract or obligation between Plaintiff and Diment is identified, and no specific damages suffered by Plaintiff for any breach by Diment are alleged. As such, Plaintiff has failed to state a viable cause of action for breach of contract against Diment.

Because Plaintiff has failed to sufficiently allege a claim for breach of contract against any Defendant whose Motion to Dismiss is before the Court, the Court recommends that Plaintiff's claims for breach of contract against Dean Morris, Diment, and Lakeview be dismissed.

---

[26] R. Doc. 1 at 8 ¶ 55.
[27] R. Doc. 1 at 8 ¶ 56; R. Doc. 9 at 3.

### 4. Quiet Title

Plaintiff's third cause of action is for "quiet title."[28] "Generally, '[a]n action to remove a cloud from title or to quiet title may be used by a person claiming ownership of immovable property or of a real right against another who has recorded an instrument which operates as a cloud on his title.'" *Janolkar v. Wells Fargo Mortg., Inc.*, No. 12-216, 2012 WL 5364246, at *2 (M.D. La. Oct. 31, 2012) (quoting *Spencer v. James*, 42,168, p. 9 (La.App. 2 Cir. 9/9/07), 955 So.2d 1287, 1292). "The requirements of an action to quiet title are: 1. Claim of ownership; 2. Existence of clouds; 3. Description of property; and 4. Prayer for cancellation of the clouds." *Spencer*, 955 So.2d at 1293. "All four requirements must be met." *Janolkar*, 2012 WL 5364246, at *2.

Here, it is clear that Plaintiff has failed to provide sufficient facts to allege a cloud on her title. Generally, a cloud on a title is produced by an invalid instrument or voidable conveyance that is associated with the title. *Janolkar*, 2012 WL 5364246, at *2. A cloud on title also may exist "when the title is unmerchantable or suggestive of litigation and 'questionable' as to whether there is a clear title." *Janolkar*, 2012 WL 5364246, at *2 (citing *Parker v. Machen*, 567 So.2d 739, 743 (La.App. 2 Cir. 9/26/90)). As this Court similarly found in the *Janolkar* case, Plaintiff's theories of securitization, impermissible separation of Plaintiff's mortgage and note, and lack of standing are not sufficient factual allegations to support a cloud on title. Rather, Plaintiff provides only conclusory allegations and legal conclusions, which the Court can neither accept as true or construe in favor of Plaintiff. *See BillJCo, LLC v. Apple Inc.*, 583 F.Supp.3d 769, 776 (W.D. Tex. 2022) ("While this Court construes a complaint in the light most favorable to plaintiff, accepting well-pleaded facts as true, it does not 'accept as true conclusory allegations, unwarranted factual

---

[28] R. Doc. 1 at 8-9 ¶¶ 57-64.

inferences, or legal conclusions.'") (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). None of the factual predicates for plausibly alleging a cloud on title are present here. As such, the Court recommends that this claim against Dean Morris, Diment, and Lakeview be dismissed.

### 5. Temporary Restraining Order and Injunctive Relief

Plaintiff's next cause of action is for a "temporary restraining order and for injunctive relief."[29] "There are four prerequisites for the extraordinary relief of a temporary restraining order or preliminary injunction." *GoNannies, Inc. v. Goaupair.Com, Inc.*, 464 F.Supp.2d 603, 607 (N.D. Tex. 2006). "To prevail, Plaintiffs must demonstrate: (i) a substantial likelihood of success on the merits; (ii) a substantial threat of immediate and irreparable harm for which it has no adequate remedy at law; (iii) that greater injury will result from denying the temporary restraining order than from its being granted; and (iv) that a temporary restraining order will not disserve the public interest." *Id.* (citing *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (*en banc*)). "[I]f a party fails to meet *any* of the four requirements, the court cannot grant the temporary restraining order or preliminary injunction." *Id.*

Here, Plaintiff has failed to demonstrate that she has a substantial likelihood of success on the merits. Once again, Plaintiff makes only unsubstantiated, conclusory statements in support of her position. Moreover, Plaintiff herself states only that "Defendants' numerous violations of federal and state statute[s] and inability to establish a claim of right to Plaintiff's Note or Deed of Trust establishes Plaintiff's claim as more probable than not and Plaintiff will likely prevail at the time of trial."[30] "More probable than not" does not rise to the level of "substantial likelihood."

---

[29] R. Doc. 1 at 9 ¶¶ 65-70.
[30] R. Doc. 1 at 9 ¶ 69.

Moreover, given the multitude of courts who have dismissed actions similar to Plaintiff's, coupled with Plaintiff's conclusory, often nonsensical allegations, the Court finds Plaintiff has failed to establish a substantial likelihood of success on the merits. Having failed to meet all four requirements, it is recommended that Plaintiff's claim for a temporary restraining order or preliminary injunction be dismissed.

### 6. Declaratory Relief

Finally, Plaintiff's fifth cause of action is for "Declaratory Relief."[31] In her Complaint, she states that she is "request[ing] a judicial determination of the rights, obligations and interest of the parties regarding the subject property."[32] More specifically, she states, *inter alia*, that she "seeks to quiet title as of the date of the filing of this Complaint" and "seeks a judicial declaration that the title to the Subject Property is vested in Plaintiff alone."[33] "In the Federal Rule of Civil Procedure 12(b)(6) context, courts regularly reject declaratory judgments claims that seek resolution of matters that will already be resolved as part of the claims in the lawsuit." *Edwards v. U.S. Bank Nat'l Ass'n*, No. 15-2535, 2016 WL 4574585, at *5 (W.D. La. Jun. 28, 2016), *report and recommendation adopted*, 2016 WL 4626252 (W.D. La. Sep. 1, 2016) (citation omitted). "This is based on the principle that the Declaratory Judgment Act … does not create a substantive cause of action, and federal courts consequently have broad discretion to grant or refuse declaratory judgment." *Id.* (citing *Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d 1173, 1179 (5th Cir. 1984) ( "The federal Declaratory Judgment Act ... is procedural only[.]"); *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991)). *See also Merritt Hawkins & Assocs., LLC v. Gresham*, No. 13-312, 2014 WL 685557, at *3 (N.D. Tex. Feb. 21, 2014) ("In the rule 12(b)(6)

---

[31] R. Doc. 1 at 9 ¶¶ 71-74.
[32] R. Doc. 1 at 9 ¶ 72.
[33] R. Doc. 1 at 9 ¶ 74.

context, courts generally dismiss declaratory judgment claims seeking to resolve matters already pending before the court.").

To the Court, it appears that Plaintiff, once again, is seeking to quiet title to the property at issue. However, as explained above, Plaintiff has failed to state a viable claim to quiet title. Moreover, also as explained above, Plaintiff has failed in her Complaint to plead any viable cause of action against Dean Morris, Diment, or Lakeview. Finding that this claim is redundant of others already pending in this suit, none of which survive the Defendants' Motions to Dismiss, the Court recommends that this claim also be dismissed.

### C.     Leave to Amend

Rule 15(a) of the Federal Rules of Civil Procedure governs amendments to pleadings. According to Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "It is well settled that before dismissing a complaint, a *pro se* plaintiff should be given an opportunity to amend his complaint to remedy any deficiencies." *Hernandez v. W. Tex. Treasures Estate Sales, L.L.C.*, 79 F.4th 464, 468 (5th Cir. 2023) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). "In other words, leave to amend should be liberally granted, when the plaintiff might be able to state a claim based on the underlying facts and circumstances." *Id.* (citing *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)). "Nevertheless, a district court is not obligated to grant a futile motion to amend, for instance, when 'the plaintiff has already pleaded his best case.'" *Id.* (quoting *Brewster*, 587 F.3d at 768).

Here, while arguably similar cases have been dismissed by courts across the country, Plaintiff, who is proceeding *pro se*, has not yet had an opportunity to amend her Complaint. As the Court struggles to determine Plaintiff's arguments and the alleged grounds for her Complaint,

the Court, at this point, cannot with certainty say that any amendment would prove futile. Considering her *pro se* status, the Court recommends Plaintiff be given an opportunity to amend her Complaint to state a claim for relief.

### III.   CONCLUSION

The Court finds that Plaintiff has failed to make discernable factual assertions against Defendants Dean Morris, Diment, and Lakeview and that her Complaint makes only conclusory allegations, which are impermissible, even from *pro se* complainants. As such, Plaintiff's claims should be dismissed. *See Craig v. Our Lady of the Lake Reg'l Med. Ctr.*, No. 15-814, 2017 WL 1113330, at *3 (M.D. La. Mar. 23, 2017) (dismissing with prejudice *pro se* plaintiff's amended complaint where plaintiff "sets forth *no* factual assertions to support [her] allegations," meaning "these allegations are 'mere conclusory statements' that do not suffice to survive a Rule 12(b)(6) motion to dismiss" and "pleads no facts to support a cause of action"); *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) ("Even a liberally construed *pro se* … complaint, however, must set forth facts giving rise to a claim on which relief may be granted.").

Accordingly,

**IT IS RECOMMENDED** that the Motions to Dismiss filed by Dean Morris, LLC (R. Doc. 6); the Diment Firm, LLC (R. Doc. 9); and Lakeview Loan Servicing, LLC (R. Doc. 19) be **GRANTED**, and Plaintiff's claims against Dean Morris, LLC; the Diment Firm, LLC; and Lakeview Loan Servicing, LLC be **DISMISSED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff be permitted, if she wishes, to file an Amended Complaint with the Court **within 21 days of the Court's ruling granting the Motions to Dismiss**. Should Plaintiff fail to file an Amended Complaint by this deadline, her claims against

Dean Morris, LLC, the Diment Firm, LLC, and Lakeview Loan Servicing, LLC, should be dismissed with prejudice.

    Signed in Baton Rouge, Louisiana, on August 29, 2024.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**