## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**LATOYA LATRICE HAWKINS**

**VERSUS**

**D.R. HORTON, INC.-GULF COAST, et al.**

**CIVIL ACTION**

**NO. 24-84-SDD-SDJ**

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within **14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 12, 2024.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LATOYA LATRICE HAWKINS

VERSUS

D.R. HORTON, INC.-GULF COAST, et al.

CIVIL ACTION

NO. 24-84-SDD-SDJ

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion for Summary Judgment filed by Defendant Gateway Mortgage Group on August 8, 2024 (R. Doc. 29). Plaintiff Latoya Latrice Hawkins, who is proceeding *pro se* in this litigation, has not filed an opposition to this Motion, and the deadline for doing so has long passed. As such, the Court considers the Motion unopposed. Having considered the Motion, supporting memorandum, and exhibits as well as applicable legal authorities, the Court finds that Gateway is entitled to summary judgment regarding Plaintiff's claims against it. Accordingly, it is recommended that Gateway's Motion for Summary Judgment be granted and that all of Plaintiff's claims against Gateway be dismissed with prejudice.

I.    BACKGROUND

On or about June 12, 2020, Plaintiff entered into a mortgage loan agreement with Gateway Mortgage Group in the principal amount of $231,626.00 for a residence located in Walker, Louisiana.[1]  Effective February 2, 2023, Gateway transferred the mortgage servicing rights for Plaintiff's mortgage loan agreement to Lakeview Loan Servicing, LLC.[2]  Gateway notified Plaintiff of the transfer of servicing by letter dated January 12, 2023.[3]  At the time of the transfer

---

[1] R. Doc. 1 at 2 ¶¶ 3-4, 5 ¶ 27, 6 ¶ 36; R. Doc. 29-1 at 1 ¶¶ 1-2.
[2] R. Doc. 29-1 at 1 ¶ 3.
[3] *Id.* at 2 ¶ 4; R. Doc. 29-5.

2

to Lakeview, Plaintiff's mortgage loan had an outstanding balance of $222,496.38.[4] Plaintiff, however, failed to make timely payments on the loan, and, as a result, Lakeview initiated foreclosure proceedings against Plaintiff in the Twenty-First Judicial District Court for the Parish of Livingston, State of Louisiana.[5] This foreclosure suit remains pending.[6]

Plaintiff filed suit in this court on February 2, 2024, asserting a variety of claims against a host of Defendants, including Gateway.[7] Specifically, Plaintiff's claims are for: (1) lack of standing/wrongful foreclosure; (2) breach of contract/breach of peace and violation of due process; (3) quiet title; (4) temporary restraining order and injunctive relief; and (5) declaratory relief.[8] In response to Plaintiff's Complaint, Defendants Dean Morris, LLC; the Diment Firm, LLC; and Lakeview filed Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[9] These were granted on September 17, 2024.[10] Gateway filed the instant Motion on August 8, 2024. Defendant Mortgage Electronic Registration System also filed a Motion for Judgment on the Pleadings on October 14, 2024, which Motion remains pending before the Court.

## II.   LAW AND ANALYSIS

### A.   Gateway's Statement of Undisputed Facts Deemed Admitted

As a preliminary matter, because Plaintiff did not respond in any way to Gateway's Statement of Undisputed Material Facts, the Court here deems Gateway's Statement of Undisputed Material Facts admitted. According to Local Civil Rule 56(f), "[f]acts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." Here, Plaintiff did not file an opposition

---

[4] R. Doc. 29-1 at 2 ¶ 6.
[5] *Id.* ¶ 8; R. Doc. 29-2 at 1.
[6] R. Doc. 29 at 1.
[7] R. Doc. 1.
[8] *Id.* at 6-9.
[9] R. Docs. 6, 9, 19.
[10] R. Docs. 35, 36.

3

to Gateway's Motion for Summary Judgment or respond in any way to Gateway's Statement of Undisputed Material Facts. Accordingly, Gateway's Statement of Undisputed Material Facts is deemed admitted under Local Civil Rule 56(f)  *See Reams v. Nielsen*, No. 18-389, 2021 WL 1085309, at *2 (M.D. La. Mar. 3, 2021), *report and recommendation adopted*, 2021 WL 1080931 (M.D. La. Mar. 19, 2021) (deeming defendant's Statement of Undisputed Material Facts admitted under Local Civil Rule 56(f) because it is properly supported by record citations and because plaintiff did not file a proper statement of contested facts).

B.     **Summary Judgment Standard**

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A party moving for summary judgment must explain the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. Stated another way, "[i]f the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by showing that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." *Garcia v. LVNV Funding LLC*, No. 08-514, 2009 WL 3079962, at *2 (W.D. Tex. Sep. 18, 2009). "If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor." *Vanberge v. Haley*, No. 19-814, 2021 WL 400511, at *1 (M.D. La. Jan. 15, 2021), *report and recommendation adopted sub nom.*, 2021 WL 400537 (M.D. La. Feb. 4, 2021) (citing

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The nonmoving party satisfies this burden "by submitting or referring to evidence, [which] set out specific facts showing that a genuine issue exists." *Garcia*, 2009 WL 3079962, at *2.

In resolving a motion for summary judgment, the court must review the facts and inferences in the light most favorable to the non-moving party and may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). If a plaintiff is proceeding *pro se*, "[t]he district court does not have a duty to search the entire record to find evidence supporting the non-movant's opposition." *Watkins v. Experian Info. Sols., Inc.*, No. 13-239, 2014 WL 12879669, at *4 (W.D. Tex. Sep. 8, 2014), *report and recommendation adopted*, 2014 WL 12879668 (W.D. Tex. Oct. 3, 2014) (citing *Jones v. Sheehan, Young, & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996)). "Rather, the non-movant must 'identify specific evidence in the record, and articulate the "precise manner" in which that evidence supports her claim.'" *Id.* (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)) (modifications omitted). "Where, as here, the nonmovant has not filed a summary judgment response or submitted any controverting evidence, the court may accept as true the undisputed facts adduced by the movant." *Cervantes v. Bank of Am., N.A.*, No. 12-1012, 2012 WL 12873203, at *1 (N.D. Tex. Aug. 30, 2012).

**C.    Analysis**

As stated above, Plaintiff brings claims against Gateway for lack of standing/wrongful foreclosure, breach of contract/breach of peace and violation of due process, quiet title, temporary restraining order and injunctive relief, and declaratory relief. The Court addresses each set of claims, in turn, below.

### 1. Lack of Standing/Wrongful Foreclosure

Plaintiff's first cause of action is for lack of standing/wrongful foreclosure.[11] As alleged by Plaintiff, Defendants "have failed to perfect any security interest in the Real Property collateral, or cannot prove to the court they have a valid interest as a real party in interest to the underlying Deed of Trust," meaning "the purported power of sale, or power to foreclose non-judicially, by the above specified Defendants, and each of them, no longer applies."[12] Thus, per Plaintiff "Defendants … do not have an equitable right to foreclose on the Property."[13]

Gateway, however, states unequivocally that it is not seeking and has never sought to foreclose on Plaintiff's property and that it does not "have or claim any interest in the Property."[14] Lakeview initiated the foreclosure proceeding against Plaintiff, not Gateway.[15] And, per Gateway, it "is not a party to that action, nor does [it] have the right to bring any pending foreclosure action because servicing of the loan was transferred as [of] February 2, 2023."[16] As attested to by Chris Wiseley, a Vice-President with Gateway, Gateway has not initiated any foreclosure proceedings against Plaintiff, and it is not a party to the foreclosure suit pending against Plaintiff in the 21st JDC.[17]

"Although there is no statutory cause of action in Louisiana for wrongful seizure, damages for a wrongful seizure of property have long been available under Louisiana's tort law." *Bombet v. Donovan*, No. 13-118, 2015 WL 65255, at *8 (M.D. La. Jan. 5, 2015) (citing *Mariche v. Wells Fargo Bank, N.A.*, No. 11-1191, 2012 WL 1057626, at *3 (E.D. La. Mar. 28, 2012)). However,

---

[11] R. Doc. 1 at 6-7 ¶¶ 37-50.
[12] *Id.* at 6 ¶ 38.
[13] *Id.*
[14] R. Doc. 29-2 at 3.
[15] *Id.*
[16] *Id.*
[17] R. Doc. 29-4 at 2 ¶¶ 7-8.

6

"[b]ecause liability is tied to the act of unlawfully seizing another's property, the cause of action arises at the moment of the seizure." *Id.* (citing *Mariche*, 2012 WL 1057626, at *3).

Here, Plaintiff has failed to provide any evidence, or even any specific allegations in her Complaint, that Gateway initiated or otherwise is involved in the foreclosure proceedings against Plaintiff. Because "[m]ere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment," *Arias v. Wells Fargo Bank, N.A.*, No. 18-418, 2019 WL 2770160, at *2 (N.D. Tex. Jul. 2, 2019) (citing *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996)), the Court recommends that Gateway be entitled to summary judgment on this issue.

## 2. Breach of Contract/Breach of Peace and Violation of Due Process

Plaintiff next brings a cause of action "breach of contract/breach of peace and violation of due process."[18] However, while Plaintiff titles this cause of action "breach of contract/breach of peace and violation of due process," she makes no allegations with regard to a "breach of peace" or "violation of due process" claim. Plaintiff also does not identify the basis for alleged claims for breach of peace or violation of due process, statutory or otherwise. As such, the Court finds that Plaintiff did not actually bring those claims against Gateway, or, if so, finds Gateway entitled to summary judgment on those claims.

Turning to Plaintiff's breach of contract claim, the Court looks to state law. "In Louisiana, a breach-of-contract claim has three 'essential' elements: '(1) the obligor's undertaking an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the obligee.'" *IberiaBank v. Broussard*, 907 F.3d 826, 835 (5th Cir. 2018) (quoting *Favrot v. Favrot*, 68 So.3d 1099, 1108-09 (La.App. 4 Cir. 2011)). In

---

[18] R. Doc. 1 at 8 ¶¶ 51-56.

7

her Complaint, Plaintiff alleges that Gateway "was paid in full for their Accommodated capacity to the Tangible Note and Deed of Trust when it sold and relinquished its interest in Plaintiff's real property to Depositor."[19] Plaintiff continues, alleging that "Defendant Gateway Mortgage Group failed to satisfy, release and reconvey the security instrument, thus breaching the terms found in paragraph 23 of the Deed of Trust."[20]

"The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Arias*, 2019 WL 2770160, at *2 (citing *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). Here, Plaintiff has not provided a copy of the Deed of Trust, through which Gateway allegedly undertook an obligation to perform.[21] Moreover, as attested by Chris Wiseley, Plaintiff's Mortgage Loan had not been paid in full at the time it was transferred to Lakeview.[22] Plaintiff, in turn, has provided no evidence that the Mortgage Loan had been paid in full at any time. As such, the Court recommends that Gateway be granted summary judgment on this issue.

### 3. Quiet Title

Plaintiff's third cause of action is for "quiet title."[23] "Generally, '[a]n action to remove a cloud from title or to quiet title may be used by a person claiming ownership of immovable property or of a real right against another who has recorded an instrument which operates as a cloud on his title.'" *Janolkar v. Wells Fargo Mortg., Inc.*, No. 12-216, 2012 WL 5364246, at *2 (M.D. La. Oct. 31, 2012) (quoting *Spencer v. James*, 42,168, p. 9 (La.App. 2 Cir. 5/9/07), 955 So.2d 1287, 1292). "The requirements of an action to quiet title are: 1. Claim of ownership; 2.

---

[19] R. Doc. 1 at 8 ¶ 54.
[20] *Id.* ¶ 55.
[21] The Court notes that in her Complaint, Plaintiff refers the Court to the record in the pending state court case for a copy of the Deed of Trust. This Court, however, has no access to state court records.
[22] R. Doc. 29-4 at 2 ¶ 5 ("On February 2, 2023, the loan had an outstanding balance of $222,496.38.").
[23] R. Doc. 1 at 8-9 ¶¶ 57-64.

Existence of clouds; 3. Description of property; and 4. Prayer for cancellation of the clouds." *Spencer*, 955 So.2d at 1293. "All four requirements must be met." *Janolkar*, 2012 WL 5364246, at *2.

Here, Plaintiff has not demonstrated that she has a cloud on her title. Generally, a cloud on a title is produced by an invalid instrument or voidable conveyance that is associated with the title. *Janolkar*, 2012 WL 5364246, at *2. A cloud on title also may exist "when the title is unmerchantable or suggestive of litigation and 'questionable' as to whether there is a clear title." *Janolkar*, 2012 WL 5364246, at *2 (citing *Parker v. Machen*, 567 So.2d 739, 743 (La.App. 2 Cir. 9/26/90)). In her Complaint, Plaintiff alleges, with no support, that "[t]he claim of all Defendants herein named, and each of them, claim some estate, right, title, lien or interest in or to the property adverse to Plaintiff's title, and these claims constitute a cloud on Plaintiff's title to the Real Property."[24]

Gateway, however, asserts—with undisputed support—that it has no interest in Plaintiff's property.[25] Gateway transferred Plaintiff's mortgage loan to Lakeview. And Plaintiff has not identified any instrument that currently operates as a cloud on Plaintiff's title. As such, Plaintiff has failed to meet all of the requirements for a claim of quiet title against Gateway, and the Court recommends that summary judgment be entered in favor of Gateway on this claim. *See Arias*, 2019 WL 2770160, at *2 ("If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted.").

---

[24] R. Doc. 1 at 8 ¶ 61.
[25] R. Doc. 29-2 at 4.

9

####    4.    Temporary Restraining Order and Injunctive Relief

Plaintiff's next cause of action is for a "temporary restraining order and for injunctive relief."[26] "There are four prerequisites for the extraordinary relief of a temporary restraining order or preliminary injunction." *GoNannies, Inc. v. Goaupair.Com, Inc.*, 464 F.Supp.2d 603, 607 (N.D. Tex. 2006). "To prevail, Plaintiffs must demonstrate: (i) a substantial likelihood of success on the merits; (ii) a substantial threat of immediate and irreparable harm for which it has no adequate remedy at law; (iii) that greater injury will result from denying the temporary restraining order than from its being granted; and (iv) that a temporary restraining order will not disserve the public interest." *Id.* (citing *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (*en banc*)). "[I]f a party fails to meet *any* of the four requirements, the court cannot grant the temporary restraining order or preliminary injunction." *Id.*

Here, Plaintiff has in no way demonstrated a substantial likelihood of success on the merits against Gateway, who has no interest in Plaintiff's property. Gateway has shown it has taken no action, is not in any way involved in the pending foreclosure action, and has no interest in the property on which it could take future action. Because Plaintiff has failed to meet all of the requirements for a temporary restraining order, the Court recommends that summary judgment be entered in favor of Gateway on this claim. *See Arias*, 2019 WL 2770160, at *2.

---

[26] R. Doc. 1 at 9 ¶¶ 65-70.

**5.      Declaratory Relief**

Finally, Plaintiff's fifth cause of action is for "Declaratory Relief."[27] In her Complaint, she states that she is "request[ing] a judicial determination of the rights, obligations and interest of the parties regarding the subject property."[28] More specifically, she states, *inter alia*, that she "seeks to quiet title as of the date of the filing of this Complaint" and "seeks a judicial declaration that the title to the Subject Property is vested in Plaintiff alone."[29]

"Courts in the Fifth Circuit have regularly rejected declaratory judgment claims that seek resolution of matters that will already be resolved as part of the claims in the lawsuit." *Ecoquij-Tzep v. Le Arlington, Inc.*, No. 16-625, 2018 WL 1737658, at *3 (N.D. Tex. Apr. 10, 2018); *see also Williams Consol. I, Ltd. v. Smith*, No. 08-766, 2009 WL 10698215, at *15 (S.D. Tex. Oct. 19, 2009) (same). To the Court, it appears that Plaintiff, once again, is seeking to quiet title to the property at issue. As explained above the Court has determined that Gateway is entitled to summary judgment on this claim. The Court, therefore, recommends that Gateway be granted summary judgment on Plaintiff's claim for declaratory relief as well.

### III.     CONCLUSION AND RECOMMENDATION

Plaintiff has failed to respond to Gateway's Statement of Undisputed Material Facts, has failed to respond to Gateway's Motion for Summary Judgment, has failed to identify any facts genuinely in dispute, and has failed to produce any evidence or identify any record evidence to dispute any of Gateway's arguments. As such, the Court finds that Gateway is entitled to summary judgment on all of Plaintiff's claims against it.

Accordingly,

---

[27] *Id.* ¶¶ 71-74.
[28] *Id.* ¶ 72.
[29] *Id.* ¶ 74.

**IT IS RECOMMENDED** that the Motion for Summary Judgment filed by Defendant Gateway Mortgage Group (R. Doc. 29) be **GRANTED** and that all of Plaintiff's claims against it be **DISMISSED WITH PREJUDICE**.

Signed in Baton Rouge, Louisiana, on November 12, 2024.

*/s/ Scott D. Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**