# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LATOYA LATRICE HAWKINS** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 24-84-SDD-SDJ** |
| **D.R. HORTON, INC.-GULF COAST, et al.** | |

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within **14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 4, 2025.

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

LATOYA LATRICE HAWKINS                                          CIVIL ACTION

VERSUS
                                                               NO. 24-84-SDD-SDJ
D.R. HORTON, INC.-GULF COAST, et al.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion for Judgment on the Pleadings filed by Defendant Mortgage Electronic Registration Systems, Inc., on October 14, 2024 (R. Doc. 37). Plaintiff Latoya Latrice Hawkins, who is proceeding *pro se* in this litigation, has not filed an opposition to this Motion, and the deadline for doing so has long passed.[1] As such, the Court considers the Motion unopposed.[2] The Court has carefully considered the Motion, supporting memorandum, and exhibits, as well as applicable law and the facts in the record. For the following reasons, the Court recommends that MERS's Motion be **granted** and all of Plaintiff's claims against MERS be **dismissed**.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On or about June 12, 2020, Plaintiff entered into a mortgage loan agreement with Gateway Mortgage Group in the principal amount of $231,626.00 for a residence located in Walker, Louisiana.[3] The mortgage was granted in favor of MERS, who was designated therein as nominee for the lender, Gateway.[4] On or about May 18, 2023, MERS transferred Plaintiff's mortgage loan

---

[1] *See* Local Civil Rule 7(f) (any opposition to a motion must be filed "within twenty-one days after service of the motion").
[2] The Court recognizes that this Motion could be granted simply because it is unopposed. However, the Court herein analyzes the substance of MERS's Motion.
[3] R. Doc. 1 at 2 ¶¶ 3-4, 5 ¶ 27, 6 ¶ 36.
[4] R. Doc. 37-1 at 2; R. Doc. 37-2 at 4-5.

agreement to Lakeview Loan Servicing, LLC.[5]  Plaintiff, however, failed to make timely payments on the loan, and, as a result, Lakeview initiated foreclosure proceedings against Plaintiff in the Twenty-First Judicial District Court for the Parish of Livingston, State of Louisiana.[6]

Plaintiff filed suit in this court on February 2, 2024, asserting a variety of claims against a host of Defendants, including MERS.[7]  Specifically, Plaintiff's claims are for: (1) lack of standing/wrongful foreclosure; (2) breach of contract/breach of peace and violation of due process; (3) quiet title; (4) temporary restraining order and injunctive relief;  and (5) declaratory relief.[8]  In response to Plaintiff's Complaint, Defendants Dean Morris, LLC; the Diment Firm, LLC; and Lakeview filed Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[9]  These were granted on September 17, 2024.[10]  On August 8, 2024, Defendant Gateway filed a Motion for Summary Judgment, which the Court granted on December 11, 2024.[11]

On October 14, 2024, MERS filed the instant Motion for Judgment on the Pleadings.[12]  Plaintiff has not filed an opposition or other response to MERS's Motion.  Because the deadline for doing so has passed, the Court considers the Motion unopposed.

## II.    LAW AND ANALYSIS

### A.    Applicable Law

#### 1.    Rule 12(c) Standard

In its Motion for Judgment on the Pleadings, MERS seeks relief pursuant to Federal Rule of Civil Procedure 12(c).  "A motion for judgment on the pleadings under Rule 12(c) is subject to

---

[5] R. Doc. 37-3 at 2.
[6] R. Doc. 37-4 at 2-8.
[7] R. Doc. 1.
[8] R. Doc. 1 at 6-9.
[9] R. Docs. 6, 9, 19.
[10] R. Docs. 35, 36.
[11] R. Docs. 29, 38, 39.
[12] R. Doc. 37.

the same standard as a motion to dismiss under Rule 12(b)(6)." *Adams v. Southland Trace, LLC*, Nos. 07-869, 07-941, 2013 WL 12227574, at *1 (M.D. La. Mar. 28, 2013) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). "The central issue remains the same in either motion—'whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief.'" *Id.* (quoting *Hughes v. The Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant can seek dismissal of a complaint, or any part thereof, for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Shiell v. Jones*, No. 19-848, 2020 WL 2331637, at *10 (E.D. La. May 11, 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Shiell*, 2020 WL 2331637, at * 10 (quoting *Iqbal*, 556 U.S. at 679).

A court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). "Dismissal is appropriate when the complaint on its face shows a bar to relief." *Shiell*, 2020 WL 2331637, at * 10 (quoting *Cutrer v. McMillan*, 308 F. App'x. 819, 820 (5th Cir. 2009)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at  679.  A court does not assume

the truth of conclusory statements, but rather looks for facts which support the elements of the pleader's claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

### 2.    Standard for Pro Se Litigant

The Court acknowledges that Plaintiff is proceeding in this litigation *pro se*. *Pro se* pleadings are to be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also S.E.C. v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (recognizing the established rule that this court "must construe [a *pro se* plaintiff's] allegations and briefs more permissively"). Further, a court must liberally construe a *pro se* complaint, taking all well-pleaded allegations as true. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam). Nevertheless, "a *pro se* litigant is not 'exempt . . . from compliance with relevant rules of procedural and substantive law.'" *NCO Fin. Systems, Inc. v. Harper–Horsley*, No. 07–4247, 2008 WL 2277843, at *3 (E.D. La. May 29, 2008) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). As such, a *pro se* plaintiff's complaint "must set forth facts giving rise to a claim on which relief may be granted." *Johnson,* 999 F.2d at 100 (citation omitted).

Additionally, "[a] liberal reading of plaintiff's pleadings is the only special treatment afforded *pro se* plaintiffs by the courts." *Kiper v. Ascension Parish Sch. Bd.*, No. 14-313, 2015 WL 2451998, at *1 (M.D. La. May 21, 2015) (citing *Callahan v. C.I.R.*, No. 99-0295, 2000 WL 1141607, at *1 (M.D. La. Apr. 10, 2000)). A "court is not required to search for or try to create causes of actions or find material issues of fact for *pro se* plaintiffs." *Id.* And "[a] *pro se* litigant is not entitled to greater rights than would be a litigant represented by a lawyer." *NCO Fin. Systems*, 2008 WL 2277843, at *3 (quoting *Birl*, 660 F.2d at 593). Finally, "[w]hile much liberality is allowed in construing *pro se* complaints, a *pro se* litigant cannot simply dump a stack of exhibits on the court and expect the court to sift through them to determine if some nugget is

buried somewhere in that mountain of papers, waiting to be unearthed and refined into a cognizable claim." *Richardson v. United Wholesale Mortgage, LLC*, No. 24-276, 2024 WL 5264095, at *5 n. 24 (M.D. La. Dec. 31, 2024) (quoting *Samtani v. City of Laredo*, 274 F. Supp. 3d 695, 698 (S.D. Tex. 2017)).

### B.    Discussion

Plaintiff brings claims against MERS for lack of standing/wrongful foreclosure, breach of contract/breach of peace and violation of due process, quiet title, temporary restraining order and injunctive relief, and declaratory relief.  The Court finds that MERS is entitled to judgement in its favor on the pleadings on each of Plaintiff's claims, as discussed, in turn, below.

### 1.    Lack of Standing/Wrongful Foreclosure

Plaintiff's first cause of action is for lack of standing/wrongful foreclosure.[13]  As alleged by Plaintiff, Defendants "have failed to perfect any security interest in the Real Property collateral, or cannot prove to the court they have a valid interest as a real party in interest to the underlying Deed of Trust," meaning "the purported power of sale, or power to foreclose non-judicially, by the above specified Defendants, and each of them, no longer applies."[14]  Thus, per Plaintiff "Defendants … do not have an equitable right to foreclose on the Property."[15]

With respect to MERS specifically, Plaintiff alleges that MERS, the "'nominee beneficiary' of the Deed of Trust," "lacks the authority under its corporate charter to foreclose a Deed of Trust, or to own or transfer an interest in a Tangible Note debt obligation because MERS charter limits MERS' powers and duties to functioning as an electronic registration system . . ."[16]  Plaintiff continues, asserting that "MERS failed to submit documents authorizing MERS, as

---

[13] R. Doc. 1 at 6-7 ¶¶ 37-50.
[14] R. Doc. 1 at 6 ¶ 38.
[15] R. Doc. 1 at 6 ¶ 38.
[16] R. Doc. 1 at 6 ¶¶ 40, 41.

nominee beneficiary for the Originator, to assign the subject Deed of Trust to the Special Purpose

Vehicle trustee," meaning "MERS lacked authority as mere nominee beneficiary to assign

Plaintiff's Deed of Trust, making any assignment from MERS defective."[17]

Plaintiff continues, claiming that because "[a]ny attempt to transfer the beneficial interest

of a trust deed without actual ownership of the underlying Tangible Note attached together in one

with the underlying Payment Intangible Transferable Record, is void under law," MERS "cannot

establish that it is entitled to assert a claim in this case."[18]  Plaintiff further claims that because

MERS cannot transfer an interest in real property, it "cannot recover anything from Plaintiff, with

unclean hands."[19]

Plaintiff's claim against MERS for lack of standing/wrongful foreclosure fails to state a

valid claim.  As MERS unequivocally states in its Motion, it "holds no interest in the subject loan

and is not trying to enforce the note or foreclose against the Property."[20]  And Plaintiff nowhere

disputes this assertion.[21]  Moreover, even if Plaintiff was trying to challenge the assignment of the

mortgage—which, to be clear, the Court does not think she is—she lacks standing to do so as a

non-party to the assignment.  *See Berry v. LoanCity*, 489 F. Supp. 3d 441, 448 (M.D. La. 2020)

("[i]n the context of a mortgage assignment, a mortgagor, or borrower, does not have standing to

allege that an assignment between two third parties is invalid").

---

[17] R. Doc. 1 at 7 ¶ 46.
[18] R. Doc. 1 ¶ 47.
[19] R. Doc. 1 ¶ 47.
[20] R. Doc. 37-1 at 4.
[21] The Court acknowledges that Plaintiff alleges: "Defendants, and each of them, through the actions alleged above, claim the right to illegally commence foreclosure sale of Plaintiff's Real Property under the Deed of Trust on the Real Property via an *in-Rem* action supported by false or fraudulent documents.  Said unlawful foreclosure action has caused and continues to cause Plaintiff great and irreparable injury in that Real Property is unique."  R. Doc. 1 at 7 ¶ 48.  But, she never alleges that MERS has foreclosed on her property, and she did not file an opposition to the instant Motion.  In addition, the petition to foreclose on Plaintiff's property was filed by Lakeview.  R. Doc. 37-4 at 2-5.

"Although there is no statutory cause of action in Louisiana for wrongful seizure, damages for a wrongful seizure of property have long been available under Louisiana's tort law." *Bombet v. Donovan*, No. 13-118, 2015 WL 65255, at *8 (M.D. La. Jan. 5, 2015) (citing *Mariche v. Wells Fargo Bank, N.A.*, No. 11-1191, 2012 WL 1057626, at *3 (E.D. La. Mar. 28, 2012)). However, "[b]ecause liability is tied to the act of unlawfully seizing another's property, the cause of action arises at the moment of the seizure." *Id.* (citing *Mariche*, 2012 WL 1057626, at *3).

Here, Plaintiff's Complaint does not allege that MERS has taken any action to seize or foreclose on the property. Because Plaintiff has not alleged that MERS has begun foreclosure proceedings against her property here at issue, this cause of action for lack of standing/wrongful foreclosure fails to state a claim upon which relief can be granted. The Court, therefore, recommends that judgment be granted in favor of MERS on this claim.

### 2.    Breach of Contract/Breach of Peace and Violation of Due Process

Plaintiff next brings a cause of action against Defendants for "breach of contract/breach of peace and violation of due process."[22]  "In Louisiana, a breach-of-contract claim has three 'essential' elements: '(1) the obligor's undertaking an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the obligee.'" *IberiaBank v. Broussard*, 907 F.3d 826, 835 (5th Cir. 2018) (quoting *Favrot v. Favrot*, 68 So.3d 1099, 1108-09 (La.App. 4 Cir. 2011)). In her allegations, Plaintiff states that "[p]ursuant to paragraph 23 – Release, Defendant Gateway Mortgage Group and specifically MERS, their electronic agent, was obligated to satisfy, release and reconvey the beneficial security interest in Plaintiff's pledged Deed of Trust upon payment of all sums associated with the release premium

---

[22] R. Doc. 1 at 8 ¶¶ 51-56. The Court notes that Plaintiff makes no allegations with regard to a "breach of peace" or "violation of due process" claim. Plaintiff also does not identify the statutory (or other) basis for her alleged claims of breach of peace or violation of due process. As such, the Court does not discuss them further here.

to Gateway Mortgage Group for Accommodated Party services rendered."[23]  No other allegations against MERS are made.

In her Complaint, or anywhere else, Plaintiff fails to identify a contract or obligation between herself and MERS, and no specific damages suffered by Plaintiff for any breach by MERS are alleged.  As such, there are no allegations made against MERS, including the identification of the purported contract at issue, from which the Court can discern that a viable claim against MERS has been made for breach of contract.  As such, the Court recommends that MERS be entitled to judgment on pleadings on Plaintiff's breach of contract claim.

### 3.    Quiet Title

Plaintiff's third cause of action is for "quiet title."[24]  "Generally, '[a]n action to remove a cloud from title or to quiet title may be used by a person claiming ownership of immovable property or of a real right against another who has recorded an instrument which operates as a cloud on his title.'"  *Janolkar v. Wells Fargo Mortgage, Inc.*, No. 12-216, 2012 WL 5364246, at *2 (M.D. La. Oct. 31, 2012) (quoting *Spencer v. James*, 42,168, p. 9 (La.App. 2 Cir. 5/9/07), 955 So.2d 1287, 1292).  "The requirements of an action to quiet title are: 1. Claim of ownership; 2. Existence of clouds; 3. Description of property; and 4. Prayer for cancellation of the clouds." *Spencer*, 955 So.2d at 1293.  "All four requirements must be met."  *Janolkar*, 2012 WL 5364246, at *2.

Here, it is clear that Plaintiff has failed to provide sufficient facts to allege a cloud on her title.  In her Complaint, Plaintiff alleges, *inter alia*, that "all Defendants herein named . . . claim some estate, right, title, lien or interest in or to the property adverse to Plaintiff's title, and these

---

[23] R. Doc. 1 at 8 ¶ 53.
[24] R. Doc. 1 at 8-9 ¶¶ 57-64.

claims constitute a cloud on Plaintiff's title to the Real Property."[25]    However, as stated above, MERS unequivocally denies any claim or interest in the property.

Generally, a cloud on a title is produced by an invalid instrument or voidable conveyance that is associated with the title.  *Janolkar*, 2012 WL 5364246, at *2.  A cloud on title also may exist "when the title is unmerchantable or suggestive of litigation and 'questionable' as to whether there is a clear title."  *Id.* (citing *Parker v. Machen*, 567 So.2d 739, 743 (La.App. 2 Cir. 9/26/90)).  As this Court similarly found in the *Janolkar* case, Plaintiff's theories of securitization, impermissible separation of Plaintiff's mortgage and note, and lack of standing are not sufficient factual allegations to support a cloud on title.    Rather, Plaintiff provides only conclusory allegations and legal conclusions, which the Court can neither accept as true or construe in favor of Plaintiff.  *See BillJCo, LLC v. Apple Inc.*, 583 F.Supp.3d 769, 776 (W.D. Tex. 2022) ("While this Court construes a complaint in the light most favorable to plaintiff, accepting well-pleaded facts as true, it does not 'accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.'") (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).  Moreover, as MERS has disclaimed any interest in the property, it is not the source of any cloud on the property.  As such, none of the factual predicates for plausibly alleging a cloud on title by MERS are present here.  As such, the Court recommends that MERS be entitled to judgment on the pleadings for this claim by Plaintiff.

### 4.    Temporary Restraining Order and Injunctive Relief

Plaintiff's next cause of action is for a "temporary restraining order and for injunctive relief."[26]  "There are four prerequisites for the extraordinary relief of a temporary restraining order or preliminary injunction."  *GoNannies, Inc. v. Goaupair.Com, Inc.*, 464 F. Supp. 2d 603, 607

---

[25] R. Doc. 1 at 8 ¶ 61.
[26] R. Doc. 1 at 9 ¶¶ 65-70.

(N.D. Tex. 2006).  "To prevail, Plaintiffs must demonstrate: (i) a substantial likelihood of success on the merits; (ii) a substantial threat of immediate and irreparable harm for which it has no adequate remedy at law; (iii) that greater injury will result from denying the temporary restraining order than from its being granted; and (iv) that a temporary restraining order will not disserve the public interest."  *Id.* (citing *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (*en banc)*).  "[I]f a party fails to meet *any* of the four requirements, the court cannot grant the temporary restraining order or preliminary injunction." *Id.*

Here, Plaintiff has failed to demonstrate that she has a substantial likelihood of success on the merits.  Once again, Plaintiff makes only unsubstantiated, conclusory statements in support of her position. Moreover, Plaintiff herself states only that "Defendants' numerous violations of federal and state statute[s] and inability to establish a claim of right to Plaintiff's Note or Deed of Trust establishes Plaintiff's claim as more probable than not and Plaintiff will likely prevail at the time of trial."[27]  "More probable than not" does not rise to the level of "substantial likelihood."  In addition, because MERS has no interest in the title and is taking no action to enforce either the note or the mortgage, there is no substantial threat of immediate and irreparable harm from MERS.

Plaintiff has failed to demonstrate the prerequisites for being granted a temporary restraining order or injunctive relief.  Given the multitude of courts—including this one in this case and others—who have dismissed claims and actions similar to Plaintiff's, coupled with Plaintiff's conclusory allegations, the Court finds Plaintiff has failed to establish a substantial likelihood of success on the merits.  Having failed to meet all four requirements, it is recommended that judgment on the pleadings be granted in favor of MERS.

---

[27] R. Doc. 1 at 9 ¶ 69.

### 5.    Declaratory Relief

Finally, Plaintiff's fifth cause of action is for "Declaratory Relief."[28]  In her Complaint, she states that she is "request[ing] a judicial determination of the rights, obligations and interest of the parties regarding the subject property."[29]  More specifically, she states, *inter alia*, that she "seeks to quiet title as of the date of the filing of this Complaint" and "seeks a judicial declaration that the title to the Subject Property is vested in Plaintiff alone."[30]

"The Declaratory Judgment Act provides: 'In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'"  *Aguiluz v. Citibank, N.A.*, No. 18-5126, 2018 WL 5773302, at *5 (E.D. La. Nov. 2, 2018) (quoting 28 U.S.C. § 2201(a)).  "The Declaratory Judgment Act is 'an authorization, not a command.'"  *Id.* (quoting *Pub. Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962)); *see also*, *Soc'y of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1287 (5th Cir. 1992).  "Thus, federal courts have wide discretion to grant or deny declaratory judgment." *Id.* (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)).

To the Court, it appears that Plaintiff, once again, is seeking to quiet title to the property at issue.  However, as explained above, Plaintiff has failed to state a viable claim to quiet title. Additionally, Plaintiff has failed in her Complaint to plead any viable cause of action against MERS.  Finding that this claim is redundant of others already pending in this suit, the Court recommends that MERS be entitled to judgment on the pleadings for this claim.

---

[28] R. Doc. 1 at 9 ¶¶ 71-74.
[29] R. Doc. 1 at 9 ¶ 72.
[30] R. Doc. 1 at 9 ¶ 74.

**C.     Leave to Amend**

Rule 15(a) of the Federal Rules of Civil Procedure governs amendments to pleadings. According to Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave."  "The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "It is well settled that before dismissing a complaint, a *pro se* plaintiff should be given an opportunity to amend his complaint to remedy any deficiencies."  *Hernandez v. W. Tex. Treasures Estate Sales, L.L.C.*, 79 F.4th 464, 468 (5th Cir. 2023) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).  "In other words, leave to amend should be liberally granted, when the plaintiff might be able to state a claim based on the underlying facts and circumstances."  *Id.* (citing *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)).  "Nevertheless, a district court is not obligated to grant a futile motion to amend, for instance, when 'the plaintiff has already pleaded his best case.'" *Id.* (quoting *Brewster*, 587 F.3d at 768).

Here, similar cases have been dismissed by courts across the country.  And, in this case, Motions to Dismiss by Defendants Dean Morris, LLC; the Diment Firm, LLC; and Lakeview as well as a Motion for Summary Judgment by Defendant Gateway have already been granted.[31] Because the Court finds that any amendment would be futile, it does not recommend that Plaintiff be allowed to amend her Complaint.

**III.     CONCLUSION**

For the reasons set forth above,

---

[31] R. Docs. 35, 36, 38, and 39.

**IT IS RECOMMENDED** that the Motion for Judgment on the Pleadings filed by Defendant MERS (R. Doc. 37) be **GRANTED**, and all claims against MERS be **DISMISSED with prejudice**.

Signed in Baton Rouge, Louisiana, on September 4, 2025.

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**